PER CURIAM.
The appellants were indicted for rape. They were found guilty by a jury, with a recommendation of mercy. The court adjudged them guilty and sentenced them to life imprisonment. Upon consideration of their appeal we find no reversible error has been made to appear, and affirm.
The appellants, two young black males, entered the residence of the victim and her parents on a certain night at about 2:00 A.M. They went into the room of the victim’s mother and robbed her. They then entered the bedroom where the victim was sleeping, and proceeded to rape her. They remained in the house for four hours, until approximately 6:00 A.M. The victim’s father, returned from his night employment shortly before 6:00 A.M. The appellants robbed him and appropriated his automobile in which they departed, proceeding in a northerly direction. The victim and her father gave pursuit in the victim’s automobile, but were unable to overtake the appellants.
At approximately 6:30 A.M. the appellants robbed the attendant of a gasoline service station north of the Dade-Broward County line. At trial the service station attendant testified with relation to the robbery, and that the men were using the automobile which was shown to have belonged to the victim’s father. The attendant identified the appellants. The fingerprints of the appellants were found on that automobile and also in the victim’s residence.
The appellants contend first that it was error to permit testimony relating to the service station robbery and, second, that the evidence relating to the identification involved improper procedures. We find those contentions to be without merit. The testimony relating to the conduct of *14 the defendants at the service station was admissible on the ground of its relevance. Williams v. State, Fla.1959, 110 So.2d 654; Gagnon v. State, Fla.App.1968, 212 So.2d 337. Added relevance is afforded here, where the appellants were challenging the evidence relating to identification. On considering the latter evidence as a whole we find no impropriety therein.
Affirmed.