PER CURIAM.
The appellant was found guilty of rape and sentenced to life imprisonment. His appeal was considered by this court and the judgment and sentence were affirmed. Brown v. State, Fla.App.1971, 250 So.2d 13. Appellant thereafter filed a pro se motion to vacate judgment and sentence which was denied by the trial court. Upon appeal, appellant was provided counsel by the trial court upon proof of insolvency.
 From the denial of the motion to vacate judgment and sentence, three points are presented here on appeal. The first urges that appellant’s constitutional rights were violated because the appellant, a minor, was not taken immediately before a *423 juvenile judge. See Fla.Stat. § 39.03 (1971).[1] It should be noted that appellant was arrested in another county for a traffic violation and suspicion of robbery. He was subsequently released to juvenile authorities in Dade County. It appears that the arrest and detention were in accordance with the provisions of the statute. The only material allegation is that appellant was interrogated without benefit of counsel. There is nothing in this record to show that the defendant was prejudiced by the interrogation, in that it is not alleged that a statement was taken from defendant or that one was used at trial.
Appellant’s allegation that his trial counsel was incompetent is refuted by the record, and his allegation that he did not receive a fair trial was fully considered in his first appeal.
Affirmed.

.From its original enactment in 1951 to 1973, Fla.Stat. § 39.03 remained substantially unchanged but for minor amendments. Laws 1973, c. 73-231, §§ 7 and 8, however, substantially rewrote this section.